```
                         United States Bankruptcy Court
                         Middle District of Pennsylvania
In re:                                                                   Case No. 20-00259-RNO
Jeanetta Denise Canty-Johnson                                            Chapter 13
         Debtor                    CERTIFICATE OF NOTICE
District/off: 0314-5      User: AutoDocke              Page 1 of 2                  Date Rcvd: Feb 26, 2020
                          Form ID: pdf002              Total Noticed: 38
```

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Feb 28, 2020.
```
db             +Jeanetta Denise Canty-Johnson,    228 Mallard Lane,    Bushkill, PA 18324-8222
5294327         Alltran Financial LP,    PO Box 4043,    Concord, CA 94524-4043
5294330        +Atlantic Health System,    Overlook Medical Center,    PO BOX 35611,    Newark, NJ 07193-5611
5294331         Bank of America,    4060 Ogletown/Station Rd,    Newark, DE 19713
5294337        +Daniel Santucci, Esquire,    1 International Plaza, 5th Floor,    Philadelphia, PA 19113-1510
5294338        +Division 819 Transit ECU,    PO Box 215,    Irvington, NJ 07111-0215
5294340        +Empire Medical Associates, PC,    264 Boyden Avenue,    Maplewood, NJ 07040-3058
5294341        +Granite State Management & Resources,    44 Warren Street,    Direct Loans,
                 Concord, NH 03301-4053
5294342        +Hackensack UMC Mountainside,    PO BOX 864,    Mahwah, NJ 07430-0864
5294343        +KML Law Group, P.C.,    701 Market Street, Suite 5000,    Philadelphia, PA 19106-1541
5294347       ++MORRISTOWN PATHOLOGY ASSOCIATES PA,    PO BOX 500,    HACKETTSTOWN NJ 07840-0500
               (address filed with court: Morristown Pathology Assoc, PA,    65 Madison Ave,   Ste 220,
                 Morristown, NJ 07960)
5294344         Macy's/DSNB,    911 Duke BLVD,    Mason, OH 45040
5294348         Nationstar DBA Mr. Cooper,    PO BOX 199111,    Dallas, TX 75235
5294349        +Pocono Ranch Lands,    112 Ranch Lands Drive,    Bushkill, PA 18324-9080
5294352        +Rickart Collection Systems, Inc.,    575 Milltown Road,    PO BOX 7242,
                 North Brunswick, NJ 08902-7242
5294353        +Summit Medical Group,    150 Floral Ave,    New Providence, NJ 07974-1557
5294355        +TD Bank USA/Target Credit,    7000 Target Parkway N,    Minneapolis, MN 55445-4301
5294886         U.S. Department of Housing and Urban Development,    The Wanamaker Building, 11th Floor,
                 100 Penn Square East,    Philadelphia, PA 19107-3380
5294356        +University Physical Association,    PO BOX 18297,    Newark, NJ 07191-8297
```

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
```
cr             +E-mail/PDF: PRA_BK2_CASE_UPDATE@portfoliorecovery.com Feb 26 2020 19:46:23
                 PRA Receivables Management, LLC,    PO Box 41021,    Norfolk, VA 23541-1021
5294329        +E-mail/Text: legal@arsnational.com Feb 26 2020 19:41:08      ARS National Services Inc,
                 PO BOX 469100,    Escondido, CA 92046-9100
5294326        +E-mail/Text: EBNProcessing@afni.com Feb 26 2020 19:41:24       Afni,
                 1310 Martin Luther King Drive,    Bloomington, IL 61701-1465
5294328        +E-mail/Text: ally@ebn.phinsolutions.com Feb 26 2020 19:40:19      Ally Financial,
                 PO Box 380901,    Bloomington, MN 55438-0901
5303608         E-mail/Text: ally@ebn.phinsolutions.com Feb 26 2020 19:40:19      Ally Financial,
                 PO Box 130424,    Roseville MN 55113-0004
5294332        +E-mail/Text: bankruptcy@certifiedcollection.com Feb 26 2020 19:41:14
                 Certified Credit & Collection Bureau,    PO BOX 1750,    Whitehouse Station, NJ 08889-1750
5294333         E-mail/Text: BNC-ALLIANCE@QUANTUM3GROUP.COM Feb 26 2020 19:41:12
                 Comenity Bank/Victoria Secret,    PO Box 182789,    Columbus, OH 43218-2789
5294334        +E-mail/Text: convergent@ebn.phinsolutions.com Feb 26 2020 19:41:35
                 Convergent Outsourcing, Inc.,    10750 Hammerly Blvd #200,    Houston, TX 77043-2317
5294335        +E-mail/Text: bankruptcy@credencerm.com Feb 26 2020 19:41:39      Credence,
                 17000 Dallas Parkway,    Suite 204,    Dallas, TX 75248-1940
5294336        +E-mail/Text: bankruptcy_notifications@ccsusa.com Feb 26 2020 19:41:42
                 Credit Collection Services,    Two Wells Avenue,    Newton, MA 02459-3246
5297255        +E-mail/Text: bankruptcynotification@wecontrolpain.com Feb 26 2020 19:41:31      EMSI,
                 3504 Cragmont Dr Ste 100,    Tampa, FL 33619-8300
5294339        +E-mail/Text: bankruptcynotification@wecontrolpain.com Feb 26 2020 19:41:31
                 Electrostim Medical Services Inc.,    3504 Cragmont Drive,    Suite 100,    Tampa, FL 33619-8300
5294345        +E-mail/Text: bankruptcydpt@mcmcg.com Feb 26 2020 19:41:20      Midland Fundings,
                 2365 Northside Dr #300,    San Diego, CA 92108-2709
5294346        +E-mail/Text: bankruptcy@sccompanies.com Feb 26 2020 19:41:49      Monroe & Main,   1112 7th Ave,
                 Monroe, WI 53566-1364
5294350         E-mail/PDF: PRA_BK2_CASE_UPDATE@portfoliorecovery.com Feb 26 2020 19:45:43
                 Portfolio Recovery,    120 Corporate Blvd, Suite 100,    Norfolk, VA 23502
5294351         E-mail/PDF: PRA_BK2_CASE_UPDATE@portfoliorecovery.com Feb 26 2020 19:47:03
                 Portfolio Recovery Associates,    120 Corporate Blvd,    Ste 100,    Norfolk, VA 23502
5303102         E-mail/PDF: PRA_BK2_CASE_UPDATE@portfoliorecovery.com Feb 26 2020 19:45:41
                 Portfolio Recovery Associates, LLC,    POB 12914,    Norfolk VA 23541
5294354        +E-mail/PDF: gecsedi@recoverycorp.com Feb 26 2020 19:46:14      SYNCB/Walmart,    PO BOX 965024,
                 Orlando, FL 32896-5024
5294468        +E-mail/PDF: gecsedi@recoverycorp.com Feb 26 2020 19:46:13      Synchrony Bank,
                 c/o PRA Receivables Management, LLC,    PO Box 41021,    Norfolk, VA 23541-1021
                                                                                              TOTAL: 19

               ***** BYPASSED RECIPIENTS *****
NONE.                                                                                         TOTAL: 0
```

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

***** BYPASSED RECIPIENTS (continued) *****

Addresses marked '++' were redirected to the recipient's preferred mailing address
pursuant to 11 U.S.C. 342(f)/Fed.R.Bank.PR.2002(g)(4).

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Feb 28, 2020                                      Signature:  /s/Joseph Speetjens

---

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on February 26, 2020 at the address(es) listed below:

        Charles Laputka    on behalf of Debtor 1 Jeanetta Denise Canty-Johnson claputka@laputkalaw.com, milda@laputkalaw.com;jen@laputkalaw.com;bkeil@laputkalaw.com
        Charles J DeHart, III (Trustee)     TWecf@pamd13trustee.com
        James Warmbrodt    on behalf of Creditor   Nationstar Mortgage LLC d/b/a Mr. Cooper bkgroup@kmllawgroup.com
        United States Trustee    ustpregion03.ha.ecf@usdoj.gov

        TOTAL: 4

# LOCAL BANKRUPTCY FORM 3015-1

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

IN RE:
**Jeanetta Denise Canty-Johnson**

CHAPTER 13
CASE NO.

☑ ORIGINAL PLAN
☐ AMENDED PLAN (Indicate 1st, 2nd, 3rd, etc.)
☐ Number of Motions to Avoid Liens
☐ Number of Motions to Value Collateral

## CHAPTER 13 PLAN

### NOTICES

Debtors must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not Included" or if both boxes are checked or if neither box is checked, the provision will be ineffective if set out later in the plan.

| | | | |
|---|---|---|---|
| 1 | The plan contains nonstandard provisions, set out in § 9, which are not included in the standard plan as approved by the U.S. Bankruptcy Court for the Middle District of Pennsylvania. | ☐ Included | ☑ Not Included |
| 2 | The plan contains a limit on the amount of a secured claim, set out in § 2.E, which may result in a partial payment or no payment at all to the secured creditor. | ☐ Included | ☑ Not Included |
| 3 | The plan avoids a judicial lien or nonpossessory, nonpurchase-money security interest, set out in § 2.G. | ☐ Included | ☑ Not Included |

### YOUR RIGHTS WILL BE AFFECTED

READ THIS PLAN CAREFULLY. If you oppose any provision of this plan, you must file a timely written objection. This plan may be confirmed and become binding on you without further notice or hearing unless a written objection is filed before the deadline stated on the Notice issued in connection with the filing of the plan.

**1. PLAN FUNDING AND LENGTH OF PLAN.**

**A. Plan Payments From Future Income**

1. To date, the Debtor paid $ **0.00** (enter $0 if no payments have been made to the Trustee to date). Debtor shall pay to the Trustee for the remaining term of the plan the following payments. If applicable, in addition to monthly plan payments, Debtor shall make conduit payments through the Trustee as set forth below. The total base plan is $**33,000.00**, plus other payments and property stated in § 1B below:

| Start mm/yy | End mm/yy | Plan Payment | Estimated Conduit Payment | Total Monthly Payment | Total Payment Over Plan Tier |
|---|---|---|---|---|---|
| 1 | 60 | 550.00 | 0.00 | 550.00 | 33,000.00 |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | Total Payments: | $33,000.00 |

2. If the plan provides for conduit mortgage payments, and the mortgagee notifies the Trustee that a different payment is due, the Trustee shall notify the Debtor and any attorney for the Debtor, in writing, to adjust the conduit payments and the plan funding. Debtor must pay all post-petition mortgage payments that come due before the initiation of conduit mortgage payments.

Software Copyright (c) 1996-2019 Best Case, LLC - www.bestcase.com    Best Case Bankruptcy

Case 5:20-bk-00259-RNO    Doc 6    Filed 01/24/20    Entered 01/24/20 16:22:16    Desc
Main Document    Page 1 of 5
Case 5:20-bk-00259-RNO    Doc 16    Filed 02/28/20    Entered 02/29/20 00:38:39    Desc
Imaged Certificate of Notice    Page 3 of 7

3. Debtor shall ensure that any wage attachments are adjusted when necessary to conform to the terms of the plan.

4. CHECK ONE: ☐ Debtor is at or under median income. *If this line is checked, the rest of § 1.A.4 need not be completed or reproduced.*

☑ Debtor is over median income. Debtor estimates that a minimum of $**0.00** must be paid to allowed unsecured creditors in order to comply with the Means Test.

B. **Additional Plan Funding From Liquidation of Assets/Other**

1. The Debtor estimates that the liquidation value of this estate is $**4,075.03**. (Liquidation value is calculated as the value of all non-exempt assets after the deduction of valid liens and encumbrances and before the deduction of Trustee fees and priority claims.)

*Check one of the following two lines.*

☑ No assets will be liquidated. *If this line is checked, the rest of § 1.B.2 and complete § 1.B.3 if applicable*

☐ Certain assets will be liquidated as follows:

2. In addition to the above specified plan payments, Debtor shall dedicate to the plan proceeds in the estimated amount of $__ from the sale of property known and designated as __. All sales shall be completed by __. If the property does not sell by the date specified, then the disposition of the property shall be as follows:

3. Other payments from any source(s) (describe specifically) shall be paid to the Trustee as follows:

2. **SECURED CLAIMS.**

A. **Pre-Confirmation Distributions.** *Check one.*

☐ None. *If "None" is checked, the rest of § 2.A need not be completed or reproduced.*

☑ Adequate protection and conduit payments in the following amounts will be paid by the Debtor to the Trustee. The Trustee will disburse these payments for which a proof of claim has been filed as soon as practicable after receipt of said payments from the Debtor.

| Name of Creditor | | Last Four Digits of Account Number | Estimated Monthly Payment |
|---|---|---|---|
| **Nationstar DBA Mr. Cooper** | PO BOX 199111; Dallas, TX 75235 | | $1059.00 |
| **Pocono Ranch Lands** | 112 Ranch Lands Drive; Bushkill, PA 18324 | | $125.00 |
| **Division 819 Transit ECU** | PO Box 215, Irvington, NJ 07111 | | $310.00 |

1. The Trustee will not make a partial payment. If the Debtor makes a partial plan payment, or if it is not paid on time and the Trustee is unable to pay timely a payment due on a claim in this section, the Debtor's cure of this default must include any applicable late charges.

2. If a mortgagee files a notice pursuant to Fed. R. Bankr. P. 3002.1(b), the change in the conduit payment to the Trustee will not require modification of this plan.

B. **Mortgages (Including Claims Secured by Debtor's Principal Residence) and Other Direct Payments by Debtor.** *Check one*.

☐ None. *If "None" is checked, the rest of § 2.B need not be completed or reproduced.*

☑ Payments will be made by the Debtor directly to the creditor according to the original contract terms, and without modification of those terms unless otherwise agreed to by the contracting parties. All liens survive the plan if not avoided or paid in full under the plan.

| Name of Creditor | Description of Collateral | Last Four Digits of Account Number |
|---|---|---|
| **Division 819 Transit ECU** | 2018 Mitsubishi Eclipse Cross Value 42,000 miles | |

C. **Arrears (Including, but not limited to, claims secured by Debtor's principal residence)**. *Check one.*

☐ None. *If "None" is checked, the rest of § 2.C need not be completed or reproduced.*

☑ The Trustee shall distribute to each creditor set forth below the amount of arrearages in the allowed claim. If post-petition arrears are not itemized in an allowed claim, they shall be paid in the amount stated below. Unless otherwise ordered, if relief from the automatic stay is granted as to any collateral listed in this section, all payments to the creditor as to that collateral shall cease, and the claim will no longer be provided for under § 1322(b)(5) of the Bankruptcy Code:

| Name of Creditor | Description of Collateral | Estimated Pre-petition Arrears to be Cured | Estimated Post-petition Arrears to be Cured | Estimated Total to be paid in plan |
|---|---|---|---|---|
| **Nationstar DBA Mr. Cooper** | 228 Mallard Lane Bushkill, PA 18324 Pike County | $6,000.00 | $0.00 | $6,000.00 |
| **Pocono Ranch Lands** | 228 Mallard Lane Bushkill, PA 18324 Pike County | $6,770.86 | $0.00 | $6,770.86 |

D. **Other secured claims (conduit payments and claims for which a § 506 valuation is not applicable, etc.)**

☑ None. *If "None" is checked, the rest of § 2.D need not be completed or reproduced.*

☑ The claims below are secured claims for which a § 506 valuation is not applicable, and can include: (1) claims that were either (a) incurred within 910 days of the petition date and secured by a purchase money security interest in a motor vehicle acquired for the personal use of the Debtor, or (b) incurred within 1 year of the petition date and secured by a purchase money security interest in any other thing of value; (2) conduit payments; or (3) secured claims not provided for elsewhere.

1. The allowed secured claims listed below shall be paid in full and their liens retained until the earlier of the payment of the underlying debt determined under nonbankruptcy law or discharge under §1328 of the Code.

2. In addition to payment of the allowed secured claim, present value interest pursuant to 11 U.S.C. §1325(a)(5)(B)(ii) will be paid at the rate and in the amount listed below, unless an objection is raised. If an objection is raised, then the court will determine the present value interest rate and amount at the confirmation hearing.

3. Unless otherwise ordered, if the claimant notifies the Trustee that the claim was paid, payments on the claim shall cease.

E. **Secured claims for which a § 506 valuation is applicable.** *Check one.*

☑ None. *If "None" is checked, the rest of § 2.E need not be completed or reproduced.*

☐ Claims listed in the subsection are debts secured by property not described in § 2.D of this plan. These claims will be paid in the plan according to modified terms, and liens retained until the earlier of the payment of the underlying debt determined under nonbankruptcy law or discharge under §1328 of the Code. The excess of the creditor's claim will be treated as an unsecured claim. Any claim listed as "$0.00" or "NO VALUE" in the "Modified Principal Balance" column below will be treated as an unsecured claim. The liens will be avoided or limited through the plan or Debtor will file an adversary or other action (select method in last column). To the extent not already determined, the amount, extent or validity of the allowed secured claim for each claim listed below will be determined by the court at the confirmation hearing. Unless otherwise ordered, if the claimant notifies the Trustee that the claim was paid, payments on the claim shall cease.

3

Software Copyright (c) 1996-2019 Best Case, LLC - www.bestcase.com    Best Case Bankruptcy

Case 5:20-bk-00259-RNO    Doc 6    Filed 01/24/20    Entered 01/24/20 16:22:16    Desc
Main Document    Page 3 of 5
Case 5:20-bk-00259-RNO    Doc 16    Filed 02/28/20    Entered 02/29/20 00:38:39    Desc
Imaged Certificate of Notice    Page 5 of 7

F. **Surrender of Collateral.** *Check one.*

☑ None. *If "None" is checked, the rest of § 2.F need not be completed or reproduced.*

G. **Lien Avoidance.** *Do not use for mortgages or for statutory liens, such as tax liens. Check one.*

☑ None. *If "None" is checked, the rest of § 2.G need not be completed or reproduced.*

3. **PRIORITY CLAIMS.**

    A. **Administrative Claims**

    1. Trustee's Fees. Percentage fees payable to the Trustee will be paid at the rate fixed by the United States Trustee.

    2. Attorney's fees. Complete only one of the following options:

        a. In addition to the retainer of $ **1,690.00** already paid by the Debtor, the amount of $ **2,310.00** in the plan. This represents the unpaid balance of the presumptively reasonable fee specified in L.B.R. 2016-2(c); or

        b. $_____ per hour, with the hourly rate to be adjusted in accordance with the terms of the written fee agreement between the Debtor and the attorney. Payment of such lodestar compensation shall require a separate fee application with the compensation approved by the Court pursuant to L.B.R. 2016-2(b).

    3. Other. Other administrative claims not included in §§ 3.A.1 or 3.A.2 above.
       *Check one of the following two lines.*

    ☑ None. *If "None" is checked, the rest of § 3.A.3 need not be completed or reproduced.*

    B. **Priority Claims (including, certain Domestic Support Obligations)**

    ☑ None. *If "None" is checked, the rest of § 3.B need not be completed or reproduced.*

    C. **Domestic Support Obligations assigned to or owed to a governmental unit under 11 U.S.C. §507(a)(1)(B).** *Check one of the following two lines.*

    ☑ None. *If "None" is checked, the rest of § 3.C need not be completed or reproduced.*

4. **UNSECURED CLAIMS**

    A. **Claims of Unsecured Nonpriority Creditors Specially Classified.**
       *Check one of the following two lines.*

    ☑ None. *If "None" is checked, the rest of § 4.A need not be completed or reproduced.*

    B. **Remaining allowed unsecured claims will receive a pro-rata distribution of funds remaining after payment of other classes.**

5. **EXECUTORY CONTRACTS AND UNEXPIRED LEASES.** *Check one of the following two lines.*

    ☑ None. *If "None" is checked, the rest of § 5 need not be completed or reproduced.*

6. **VESTING OF PROPERTY OF THE ESTATE.**

    **Property of the estate will vest in the Debtor upon**

    *Check the applicable line:*

4

Software Copyright (c) 1996-2019 Best Case, LLC - www.bestcase.com    Best Case Bankruptcy

Case 5:20-bk-00259-RNO    Doc 6    Filed 01/24/20    Entered 01/24/20 16:22:16    Desc
Main Document    Page 4 of 5
Case 5:20-bk-00259-RNO    Doc 16    Filed 02/28/20    Entered 02/29/20 00:38:39    Desc
Imaged Certificate of Notice    Page 6 of 7

☑ plan confirmation.
☐ entry of discharge.
☐ closing of case.

**7.    DISCHARGE: (Check one)**

☑ The debtor will seek a discharge pursuant to § 1328(a).
☐ The debtor is not eligible for a discharge because the debtor has previously received a discharge described in § 1328(f).

**8.    ORDER OF DISTRIBUTION:**

If a pre-petition creditor files a secured, priority or specially classified claim after the bar date, the Trustee will treat the claim as allowed, subject to objection by the Debtor.

Payments from the plan will be made by the Trustee in the following order:
Level 1:    _____
Level 2:    _____
Level 3:    _____
Level 4:    _____
Level 5:    _____
Level 6:    _____
Level 7:    _____
Level 8:    _____

*If the above Levels are filled in, the rest of § 8 need not be completed or reproduced.* If the above Levels are not filled-in, then the order of distribution of plan payments will be determined by the Trustee using the following as a guide:

Level 1:    Adequate protection payments.
Level 2:    Debtor's attorney's fees.
Level 3:    Domestic Support Obligations.
Level 4:    Priority claims, pro rata.
Level 5:    Secured claims, pro rata.
Level 6:    Specially classified unsecured claims.
Level 7:    Timely filed general unsecured claims.
Level 8:    Untimely filed general unsecured claims to which the Debtor has not objected.

**9.    NONSTANDARD PLAN PROVISIONS**

**Include the additional provisions below or on an attachment. Any nonstandard provision placed elsewhere in the plan is void. (NOTE: The plan and any attachment must be filed as one document, not as a plan and exhibit.)**

Dated:    **January 24, 2020**                    **/s/ Charles Laputka, Esquire**
                                                  **Charles Laputka, Esquire 091984**
                                                  Attorney for Debtor

                                                  **/s/ Jeanetta Denise Canty-Johnson**
                                                  **Jeanetta Denise Canty-Johnson**
                                                  Debtor

By filing this document, the debtor, if not represented by an attorney, or the Attorney for Debtor also certifies that this plan contains no nonstandard provisions other than those set out in § 9.

5

Software Copyright (c) 1996-2019 Best Case, LLC - www.bestcase.com                    Best Case Bankruptcy

Case 5:20-bk-00259-RNO    Doc 6    Filed 01/24/20    Entered 01/24/20 16:22:16    Desc
                    Main Document       Page 5 of 5
Case 5:20-bk-00259-RNO    Doc 16    Filed 02/28/20    Entered 02/29/20 00:38:39    Desc
            Imaged Certificate of Notice    Page 7 of 7